

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION**

| | | |
|---|---|---|
| AHMAD KAHN, | § § § | |
| Plaintiff, | § § | |
| v. | § § | NO. 2:07-CV-099-J |
| BWXT PANTEX, LLC, | § § § | |
| Defendant. | § § § | |

## MEMORANDUM OPINION

Ahmad Kahn, a *pro se* plaintiff, has filed a claim under Title VII of the Civil Rights Act of 1964, as amended. *42 U.S.C. §2000e et seq*. Plaintiff claims that Defendant BWXT Pantex, LLC ("Pantex") discriminated against and harassed him based on his national origin and religion. On August 14, 2007, Defendant filed a *Motion for Partial Dismissal of Plaintiff's Complaint.* Plaintiff did not file a response. Defendant's motion for partial dismissal is GRANTED.

### I. BACKGROUND

Defendant Pantex terminated Plaintiff Ahmad Kahn's employment on June 12, 2006. On or about August 14, 2006, Plaintiff filed a charge with the Texas Workforce Commission Civil Rights Division ("TWCCRD"). The Equal Employment Opportunity Commission ("EEOC") adopted the findings of the TWCCRD and issued a right to sue letter to Plaintiff on March 7, 2007. Plaintiff then filed his complaint in this case. That complaint alleges that Plaintiff was harassed and discriminated against because of his national origin and religion. These allegations include discriminatory scrutiny after

September 11, 2001; a suspension in May 2006 for discriminatory reasons; numerous comments from co-workers and supervisors; and job termination for discriminatory reasons in June 2006.

## II.  STANDARD

Defendant has moved to dismiss Plaintiff's claims relating to his allegations of discrimination surrounding September 11, 2001.  Defendant argues that the claims should be dismissed under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted."  FED. R. CIV. P 12(b)(6) (2007). Motions to dismiss under Rule 12(b)(6) are "viewed with disfavour" and "rarely granted." *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982), citing Wright & Miller, *Federal Practice and Procedure: Civil*, §1357 at 598 (1969).  Courts must liberally construe the complaint in favour of the plaintiff, taking all of the facts pleaded as true.  *Campbell v. Wells Fargo Bank*, 781 F.2d 440, 442 (5th Cir. 1986), *see also Dussouv v. Gulf Coast Investment Corp.*, 660 F.2d 594, 604 (5th Cir. 1981).  A complaint will not be dismissed under Rule 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Lowrey v. Texas A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997), *quoting Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).  However, the Plaintiff's complaint must provide allegations that, if taken as true, "raise a right to relief above the speculative level."  *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007).

# III. STATUTE OF LIMITATIONS

Determining if Plaintiff's allegations of discrimination surrounding September 11 fall within the limitations period depends on whether or not he is alleging discrete acts of discrimination or a hostile work environment claim.

A party must file a charge of discrimination with the EEOC within 300 days of the occurrence of a discrete act. *AMTRAK v. Morgan*, 536 U.S. 101, 110 (2002). A plaintiff cannot recover for discrete discriminatory or retaliatory acts that happen outside of the statutory time period. *Id*. at 105. A series of "related discrete acts" do not become "a single unlawful practice for the purposes of timely filing." *Id.* at 111. Similarly, discrete acts that fall within the statutory time period do not make acts outside the statutory period timely. *Id.* at 112.[1] In sum, "discrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges." *Id.* at 113.

The statute of limitations works much differently in a claim of hostile work environment discrimination. "[C]onsideration of the entire scope of a hostile work environment claim, including behavior alleged outside the statutory time period," is permissible "so long as any act contributing to that hostile environment takes place within the statutory time period." *Id.* at 105. A hostile work environment claim consists

---

[1] Defendant also cites to the Supreme Court's decision in *Ledbetter v. Goodyear Tire & Rubber Co*. for this proposition. 127 S. Ct. 2162 (2007). In August 2007, the House of Representatives passed the Lily Ledbetter Fair Pay Act (H.R. 2831). If enacted, this bill would overturn the Supreme Court's decision in *Ledbetter* by resetting "the clock on the statute of limitations every time a paycheck is issued." Kent Hoover, *Action Looms in Washington on Bills Changing Employment Law*, AUSTIN BUSINESS JOURNAL (TEXAS), Sept. 10, 2007, NP. President Bush has threatened to veto the bill. *Id*. However, even if the bill is enacted, it will simply amend 42 U.S.C. §2000(e)-5(e) regarding unlawful employment practices relating to discrimination in compensation, discriminatory compensation decisions, and application of discriminatory compensation decisions and practices. Ledbetter Fair Pay Act of 2007, H.R. 2831, 110th Cong. §3 (as passed by the House of Representatives on July 31, 2007). Since this case involves no allegations of compensation discrimination, it would be unaffected by any pending bill.

of a series of acts that as a whole make up a single unlawful employment practice. *Id.* at 117. For that reason, a filing is timely if it is within 300 days of the unlawful practice. *Id.* This is true regardless of the fact that some of the acts occur outside the statutory time period so long as "an act contributing to the claim occurs within the filing period…." *Id.* The acts making up the hostile work environment claim must of course be related. *Id.* at 118.

The Fifth Circuit has also analyzed discrimination claims in two ways. The discrimination can consist of either "discrete, isolated, and completed acts" or the discrimination can be viewed as a continuing violation. *Berry v. Board of Supervisors of L.S.U.*, 715 F.2d 971, 981 (5th Cir. 1983). A plaintiff does not have to prove that the entire scope of discrimination took place within the actionable period if the plaintiff shows "a series of related acts, one or more of which falls within the [statutory] period…" *Id.* at 979, *citing* B. Schlei & P. Grossman, *Employment Discrimination Law*, 232 (Supp. 1979). A plaintiff cannot use the continuing violation theory to raise claims of past discrimination, even if that discrimination has persisting effects. *Id.*, *citing Delaware State College v. Ricks*, 449 U.S. 250, 257 (1980).

There is no brightline standard for determining when acts of discrimination are closely related enough to be considered a continuing violation. *Id.* at 981. However, the Fifth Circuit has pointed to three important factors in the analysis. The first is subject matter, or "[d]o the alleged acts involve the same type of discrimination, tending to connect them in a continuing violation?" *Id.* The second factor is frequency, or "[a]re the alleged acts recurring…or more in the nature of an isolated work assignment or employment decision?" *Id.* The third factor is degree of permanence, or "[d]oes the act

have the degree of permanence which should trigger an employee's awareness of and duty to assert his or her rights…" *Id.*

This third factor is especially important. The focus in a continuing violation analysis is on when the average lay person should have been fairly and logically alerted to act and protect his/her rights. *Messer v. Meno*, 130 F.3d 134, 134-35 (5th Cir. 1997), *see also Glass v. Petro-Tex Chem. Corp.*, 757 F.2d 1554, 1560 (5th Cir. 1985). A continuing violation exists if the effects of actions are not manifest as "individually discriminatory except in cumulation over a period of time." *Id.* To show a continuing violation, a plaintiff must demonstrate that there was independent actionable conduct during the statutory period and that he "did not know and could not reasonably be expected to have realized" that the discrimination outside the statutory period was in and of itself actionable until within 300 days of the date he filed with the EEOC. *Glass*, 757 F.2d at 1561.

Plaintiff alleges numerous incidents of discrimination occurred while he was working for Defendant. Plaintiff alleges that around September 11, 2001, he was subject to a vehicle search and lost his security clearance and that his name was also put on high alert. This status, according to Plaintiff, persisted for about a year. Plaintiff alleges he was suspended on May 22, 2006 for discriminatory reasons. Plaintiff alleges that he was terminated due to national origin and/or religious bias on June 9, 2006.[2] It is not clear when the other alleged incidents of discrimination took place. These events include the Plaintiff being asked if he had a problem with women in authority positions, references to

---

[2] Plaintiff alleges his termination took place on June 9. The letter from Defendant terminating Plaintiff's employment makes the termination effective on June 12.

his "background," commenting on his poor English-speaking skills, and being referred to as a "camel-jockey."

If the employment actions surrounding September 11 continued for a year, they would have ceased by September 2002. If those acts are discrete and not part of a hostile work environment or continuing violation claim, Plaintiff had 300 days from September 2002 to file his charge of discrimination with the TWCCRD. Plaintiff did not file his claim until August 14, 2006, well beyond the statutory period. If, however, Plaintiff is pleading these events as a single hostile work environment claim or a continuing violation, the statutory period analysis is different. If the September 11 events are related to the others and are collectively a single unlawful employment practice, Plaintiff's claim may not be barred by the statute of limitations.

Plaintiff has not alleged in his complaint that the September 11 employment actions were part of a continuing violation of Title VII. Instead, the allegations of discrimination surrounding September 11 are simply listed with other allegations of discrimination taking place throughout Plaintiff's employment. Plaintiff never alleges that the acts of discrimination were a series of separate acts constituting a single unlawful employment practice or that the acts were related. Plaintiff has the burden of showing "an organized scheme leading to and including a present violation…" *Huckabay v. Moore*, 142 F.3d 233, 239 (5th Cir. 1998). Even if Plaintiff is bringing his claims under the theory of hostile work environment, "the burden remains on the employee to demonstrate an organized scheme led to and included the present violation." *Celestine v. Petroleos de Venez SA*, 266 F.3d 343, 352 (5th Cir. 2001), *citing Huckabay*, 142 F.3d at 239, *Berry v. Bd. Of Supervisors*, 715 F.2d 971, 981 (5th Cir. 1983).

The three factors outlined by the Fifth Circuit also weigh in favour of viewing Plaintiff's allegations as discrete events and not continuing violations. First, the acts involve different types of discrimination. The acts alleged include being terminated, being suspended, being called names, having references made to his country of origin and their treatment of women, and being treated less favourably than other supervisors. These acts are different than the increased scrutiny and security searches following September 11. Second, the acts are more like isolated incidents than a recurring pattern. There is no consistency or pattern alleged in the times these acts took place. Finally, the September 11 incidents should have triggered Plaintiff's awareness of and duty to assert his rights. The Fifth Circuit has made clear that "a one-time employment event, including the failure to hire…or demotions" should put an employee on notice and "cannot be lumped together with the day-to-day pattern of racial harassment" to save it from the statute of limitations. *Celestine*, 266 F.3d at 352. The security searches and loss of security clearance took place in front of Plaintiff and with Plaintiff's knowledge. The events should have made Plaintiff aware that he was being discriminated against and had a duty to assert his rights.

Plaintiff has failed to allege that the September 11 incidents were anything more than discrete acts of discrimination, unrelated to the other allegations. The September 11 allegations are therefore not part of a hostile work environment claim or a continuing violation of Plaintiff's rights. As such, they are time barred by the statute of limitations.[3]

---

[3] The dismissal of a claim as time barred does not necessarily mean that the events making up the claim cannot be introduced at trial. "The existence of past acts and the employee's prior knowledge of their occurrence, however, does not bar employees from filing charges about related discrete acts so long as the acts are independently discriminatory and charges addressing those acts are themselves timely filed. Nor does the statute bar an employee from using the prior acts as background evidence in support of a timely claim." *AMTRAK*, 536 US at 113.

## IV.  CONCLUSION

Defendant's motion to dismiss Plaintiff's allegations stemming from September 11, 2001 is GRANTED.

IT IS SO ORDERED.

Signed this 6th day of November, 2007.

                                              **/s/ Mary Lou Robinson**\
                                              **MARY LOU ROBINSON**\
                                              **UNITED STATES DISTRICT JUDGE**